OPINION OF THE COURT
Mario M. Albanese, J.
Petitioner Karen R. Heyer, on April 12, 1983, pursuant to subdivision 2 of section 75-p of the New York Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A), and the Federal Parental Kidnaping Prevention Act of 1980 (US Code, tit 28, § 1738A), moved for an order requiring respondent Mark K. Bayless to pay her necessary travel and other expenses including attorney’s fees, incurred by her to enforce her custodial rights under a decree of divorce obtained in the State of Utah in 1974.
After more than five years’ violation and disregard of the said Utah decree by the respondent through the use of alias and pretext, this court by a prior decision rendered February 18,1983, returned lawful custody of the children of the parties hereto to the petitioner whereupon she now brings the present motion.
No responsive pleading was interposed by respondent to petitioner’s moving papers save Blumberg form S 159 — “Affidavit of net worth, income and assets transferred; *414 matrimonial: 9-75” — submitting the same, apparently, to demonstrate to the court his inability to pay the expenses sought.
The court’s decision follows in what appears to be a case of first impression.
Subdivision 2 of section 75-p of the Uniform Child Custody Jurisdiction Act reads as follows: “2. A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorneys’ fees, incurred by the party entitled to the custody or his witnesses.”
From a reading of this statute, it is apparent that recoupment of expenses is predicated on:
1. violation of a custody decree of another State by the person to be charged, and
2. effort by the person entitled to custody to enforce the decree in New York State.
Petitioner contends that by virtue of this court’s said decision of February 18, 1983, returning lawful custody of their children to her, she has prima facie established her entitlement to relief under the statute. With this the court agrees. This much is apparently conceded by respondent when contemplating his sole submission for the court’s consideration on this issue, was his net worth aside from his “general denial” presented for the first time in oral argument which insufficiently raised any triable issue of fact.
There being no triable issue of fact, the matter of respondent’s net worth, or financial means, is not germane to the question of whether or not the petitioner is entitled to recover her expenses, respondent’s contentions to the contrary notwithstanding.
Patently, the statute in question is totally devoid of any limiting or qualifying provision or verbiage which would in any way support or lend merit to respondent’s contention that his net worth, or financial means should be weighed by the court in making an award. Nor can such a contention reasonably be inferred or implied.
*415 It is noted in a perusal of the legislative background of subdivision 2 of section 75-p[1] and the congressional findings and declarations of the purposes of the Parental Kidnaping Prevention Act of 1980,[2] that no mention or reference whatsoever is made regarding the wrongdoer’s net worth or financial means. Such absence or silence is significant.
Respondent’s further contention that similar to a support or like proceeding the court was duty-bound to consider his financial méans, must likewise be rejected. Within the framework of the best interests of the child, one’s financial means is, of course, most crucial and relevant in a child support case. The obligation of support thereunder is a continuing one. Not so in custody decrees which involve markedly different considerations. Here, focus is on recompensing the custodial parent for her or his necessary expenses in regaining custody wrongfully, withheld. It is remedial in nature and designed to make whole the parent wrongfully denied custody by returning that parent to the prior status as near as is possible which includes the attendant expenses and attorney’s fees. It is not a continuing obligation.
In sum, the petitioner having established her entitlement to the recovery of her necessary expenses and attorney’s fees, the court does hereby grant her motion as hereinafter modified.
With respect to the actual expenses of petitioner, the court finds them adequately proved as reasonable and *416 necessary as set forth in her affidavit. So too with the fees of her attorney.
To the extent that the amount requested by the petitioner represents sums expended by or on behalf of her mother who reported and accompanied the petitioner during this ordeal, that amount must be reduced accordingly inasmuch as petitioner has not demonstrated their necessity to the enforcement of the custody decree. (This is not to say, however, that in a proper case, one may not recover.) Thus, the sum requested by petitioner is reduced by the following:
(a) one half the bus fare costs in the sum of $84;
(b) one half the food costs in the sum of $75;
(c) one-half telephone costs in the sum of $50;
(d) one-fourth airplane fare costs in the sum of $266.75; totaling in all to $475.75 reduction.
In recapitulation, the petitioner is awarded $1,958.49 to cover actual out-of-pocket costs expended by her plus $1,982.50 as and for attorney’s fees both necessary to enforce her custodial rights under the Utah decree of divorce totaling in all to $3,940.99.

. See 9 Uniform Laws Ann., Uniform Child Custody Jurisdiction Act, § 15.

. State court proceedings for custody determinations; priority treatment; fees, costs, and other expenses; subdivision (c) of section 8 of Public Law 96-611 provided that:
“In furtherance of the purposes of section 1738A of title 28, United States Code [this section], as added by subsection (a) of this section, State courts are encouraged to —
“(1) afford priority to proceedings for custody determinations; and
“(2) award to the person entitled to custody or visitation pursuant to a custody determination which is consistent with the provisions of such section 1738A [this section], necessary travel expenses, attorneys’ fees, costs of private investigations, witness fees or expenses, and other expenses incurred in connection with such custody determination in any case in which —
“(A) a contestant has, without the consent of the person entitled to custody or visitation pursuant to a custody determination which is consistent with the provisions of such section 1738A [this section], (i) wrongfully removed the child from the physical custody of such person, or (ii) wrongfully retained the child after a visit or other temporary relinquishment of physical custody; or
“(B) the court determines it is appropriate.”